Decided 19 December, 1904.

**LITTLE WALLA WALLA IRRIG. DIST. v. PRESTON.**

78 Pac. 982.

</div>

POWER OF IRRIGATION DISTRICTS OVER PRIVATE WATER RIGHTS.

1. The Oregon irrigation district law of 1895 (Laws 1895, pp. 13, 32), was intended to enable the owners of a certain class of lands to form a corporation that may construct or acquire irrigation facilities and water rights and to furnish water to the landowners of the district for irrigation purposes, but was not meant to authorize such a corporation to exercise any control over the rights or property of individuals.

EQUITY—INTEREST OF PLAINTIFF—IRRIGATION DISTRICT.

2. An irrigation district incorporated under the law of 1895, which does not own or control water, water rights, or water ditches, cannot maintain a suit in equity to determine the rights of private water owners among themselves or to enforce any regulations as to the use of the water, it not being a party in interest.

From Umatilla:   WILLIAM R. ELLIS, Judge.

Statement by MR. JUSTICE BEAN.

Suit by the Little Walla Walla Irrigation District, a municipal corporation, against O. N. Preston and others.   The plaintiff is a public corporation organized under the irrigation district law of 1895 (Laws 1895, p. 13), and embraces a section of territory about two miles square, which is and was at the time of plaintiff's organization owned by sundry persons, and divided into small holdings.   The Little Walla Walla River enters the district from the south, and, as it flows north through it, divides into numerous channels or branches, the waters of which were used by the landowners prior to the organization of the plaintiff for irrigation and domestic purposes, under a claim of right.   The plaintiff, without acquiring by purchase, condemnation, or otherwise, any of the water rights of the settlers within its boundaries, proceeded, through its board of directors and officers appointed by it, to ascertain and determine in the manner provided in its by-laws the quantity of water to which, in its opinion, each landowner was entitled, and to designate the character of head gates, weirs, and dams which should be used

for the division and distribution of the water of the river to each parcel of land to be irrigated therefrom, and in general undertook to regulate and control the use thereof. The defendants, who are settlers within the boundaries of plaintiff district, refused to acquiesce in the division and distribution of the water as made by the plaintiff, or to comply with its rules and regulations in reference thereto, but claimed the right to a larger quantity than that allowed them by it. This suit was thereupon commenced to enforce the orders and decisions of plaintiff as to the distribution and division of the water to the defendants. The complaint was dismissed, and the plaintiff appeals.

Affirmed.

For appellant there was a brief over the name of *Stillman & Pierce,* with an oral argument by *Mr. Alphonso Derwin Stillman.*

For respondents there was a brief over the name of *Hailey & Lowell,* with an oral argument by *Mr. Stephen Arthur Lowell.*

Mr. Justice Bean delivered the opinion of the court.

1. Conceding, for the purpose of the present suit, the right of the State, through an executive officer or board, to determine the extent of the water rights of its citizens, and to regulate and control the use thereof, and that it may delegate such power to a public corporation, we do not find any language in the act of 1895 which indicates an intention to do so. It is, in substance, a copy of the Wright Act of California, which forms the basis of the irrigation laws of the arid states: Long, Irrig. § 135. The constitutionality of such legislation has been assailed on different grounds, but it has been upheld by both state and federal courts: *Turlock Irrig. Dist.* v. *Williams,* 76 Cal. 360 (18 Pac. 379); *Central Irrig. Dist.* v. *De Lappe,* 79 Cal. 351 (21 Pac. 825); *In re Madera Irrig. Dist.* 92 Cal. 296; *In re Central Irrig. Dist.* 117 Cal. 382 (49 Pac. 354); *Fallbrook Irrig. Dist.* v. *Bradley,* 164 U. S. 112 (17 Sup. Ct. 56, 41 L. Ed. 369). In all the discussions concerning the validity of the law, in which some of the ablest lawyers of the United States participated, it has been assumed and taken for granted

by counsel and courts that the purpose of the corporation formed thereunder was to construct, direct, and own a system of irrigation for the lands within its boundaries, and they have been likened by the courts to corporations organized for the reclamation of swamp or overflowed lands: Long, Irrig. § 135 et seq.; 3 Farnham, Waters, § 616.  It has never been contended that the law vested the power or authority in the corporation to regulate and control the use of water belonging to private individuals, or to ascertain the quantity to which they are entitled, or to settle adverse and conflicting interests between them.  The purpose of the law is to make bodies of arid land, susceptible of irrigation from a common source and through the same system of works, productive by distributing water over them through canals, etc., belonging to and the property of the irrigation district.

The basal principle is the division of the arid area of the State, upon invitation of the settlers thereon, into communities or districts, which are determined by their irrigability from a common source and through the same system of works, and to invest such communities with power to raise revenue by taxation and the issuing of bonds for the purpose of acquiring water rights and constructing the necessary canals, reservoirs, and works for the distribution of the water over the lands within the district.  This is indicated by its first section, which provides that when a certain number of holders of title to lands susceptible of irrigation from a common source, and by the same system of works, desire to irrigate the same, they may propose the organization of an irrigation district.  It is therefore only settlers on land susceptible of irrigation in the manner indicated who can apply for the formation of the corporation, and it is for the purpose of constructing, acquiring, and owning a system of works, and the distribution of water through it, that the corporation is organized, and not for the settlement of disputes between individuals, nor for the regulation or control of water rights belonging to private persons.  This is not only apparent from the first section, but from all the subsequent provisions of the law.

By sections 12, 13, and 14 (Laws 1895, pp. 13, 19, 20), the board of directors have the power to enter upon land to make surveys and to locate the necessary irrigation works, canals, etc. They may acquire by purchase or condemnation, or other lawful means, all lands, water rights, reservoir sites, and other property necessary for the construction, use, and supply, etc., of the canals and works to be purchased and constructed by the corporation. They may also construct the necessary dams, reservoirs, and works for the collection of water for the district, and do any other lawful act necessary to be done, that sufficient water may be furnished to the landowners of the district, for irrigation purposes. Sections 15, 16, and 17 provide for an election to determine whether bonds shall be issued for the purpose of "constructing the necessary irrigation canals and works, and acquiring necessary property rights therefor"; sections 18 to 36, for the assessment upon all lands in the district of a tax or charge "sufficient to pay all charges and expenses, and all obligations incurred by virtue of the issuing of any bonds in and for the construction of said canal or canals and works as contemplated in this act"; section 37, that "after adopting plans for said canals, storage reservoirs and works, the board of directors shall give notice" by public advertisement "calling for bids"; and sections 38 and 39, for the manner of the payment of the bonds and the costs and expenses of purchasing and acquiring property and constructing the works and improvements, etc.— thus clearly showing that it was the object of the law to authorize the organization of a public corporation for the purpose of acquiring and owning irrigation ditches, canals, reservoirs, works, and water rights, and distributing water to the settlers within the boundaries of the district, and not to regulate the water rights belonging to private individuals. The authority vested in the board of directors to make necessary and needed by-laws for the distribution of water among the owners of the lands, and do other lawful acts necessary to be done that sufficient water may be furnished each landowner, is for the purpose of carrying out the powers granted to the corporation by the law,

and does not vest it with supervision or control over the rights of individuals.

2. It is claimed that as there are a large number of settlers within the plaintiff district entitled to the use of water from a common source, and the defendants are interfering with such use, a court of equity has jurisdiction of the subject-matter, at the suit of the plaintiff, in order to prevent a multiplicity of suits; but, since the corporation has no interest in the water or water rights which are being interfered with by the defendants, and as it has no power under the statute to regulate the use of the water belonging to private individuals, it has no interest in the controversy, and therefore no standing in court to maintain this suit.

From these views it follows that the decree of the court below must be affirmed, and it is so ordered.　　　AFFIRMED.

---

Decided 19 December, 1904.