Kendall, Adm'r, &c., v. Clarke.

CASE 29—PETITION EQUITY—April 24.

# Kendall, Adm'r, &c., v. Clarke.

*APPEAL FROM FLEMING CIRCUIT COURT.*

1. VENDOR AND VENDEE—LIMITATION—PARTIAL PAYMENTS.—While a partial payment made by the original vendee on a note for the purchase price of land within fifteen years has the effect, as to him, to suspend the operation of the statute of limitation between the accrual of the cause of action and the date of payment, it does not have that effect as to a remote vendee not a party to the transaction.

2. SAME.—Where a credit indorsed on a note is relied upon to continue liability on the note beyond the statutory period of fifteen years, the burden rests on the plaintiff to show, the fact being denied, that the amount indorsed as a credit was, in fact, a partial payment made by the defendant.

3. PARTIES TO ACTION.—To an action to enforce a vendor's lien on land the vendee being dead, his devisees, the owners of the land, are necessary parties.

W. G. DEARING AND W. J. HENDRICK FOR APPELLANTS.

1. It was error to render judgment against the administrator without an affidavit purging the claim of usury. (Matthews v. Jones, 2 Met., 255.)

2. To enforce a lien on land, those who have the legal title must be before the court. (Smith v. West's Ex'r, 5 Litt., 48; Edwards v. Bohannon, 2 Dana, 98; Thornton v. Knox's Ex'r, 6 B. M., 74; Anderson v. Sutton, 2 Duv., 486.)

3. Declarations which were against the interest of the declarant at the time they were made were admissible. (Greenleaf on Evidence, sec. 194; Crane v. Gumm, 4 B. M., 12.)

4. Where one stands by and permits another to buy property without claiming it, he is estopped from afterwards asserting a claim. (Barclay v. Hendrick, 3 Dana, 380; Sale v. Crutchfield, 8 Bush, 336; Breeding v. Stamper, 18 B. M., 187.)

5. Upon a plea of *non est factum*, no proof being introduced, the plaintiff must fail. (Kerley v. West, 3 Litt., 364.)

6. The cause should have been dismissed for want of proper revivor.

7. The agreement between Clark and Royse to change the application of payments theretofore made can not be allowed to prejudice the appellant, Campbell, who was not a party to the agreement; and while the

Kendall, Adm'r, &c., v. Clarke.

credit of eighteen dollars and eighty cents is sufficient to avoid the plea of limitation as to the administrator of Royse, it can not have that effect as to appellant, Campbell.

W. A. SUDDUTH FOR APPELLEE.

Brief not in record.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT

Appellee, John Clarke, instituted this action May 1, 1885, to recover judgment as assignee on a note for two hundred dollars, payable December 25, 1869, by A. J. Royse to Nancy A. Jones, in part consideration for a tract of one hundred and eighty-eight acres of land, and to enforce vendor's lien as well upon seventy-six acres thereof sold to one Ham, who afterwards sold to appellant, Campbell, as upon the residue of the tract owned by Royse, now deceased, when the action was commenced.

It is obvious more than fifteen years had elapsed from the time the note fell due until the action was instituted, but to avoid the plea of limitation a credit of eighteen dollars and eighty cents, indorsed on the note as of January 2, 1882, is relied on, and seems to have been considered by the lower court sufficient for the purpose.

Whatever may be the operation of the credit, so far as Royse, while living, and his personal representative and devisees afterwards, might have been, it certainly did not nor should have the effect to continue, beyond the period of fifteen years, the lien on that part of the land purchased by appellant Campbell. For it was expressly decided by this court, in Tate v. Hawkins, 81 Ky., 577, that, while a partial

payment made by the original vendee on a note for the purchase-money within. fifteen years would have the effect, as to him, to suspend operation of the statute of limitation between accrual of cause of action on the note and date of payment, the rule could not be applied to the prejudice of a remote vendor not a party to the transaction. Consequently, the statute of limitation is, as to Campbell, clearly a bar, and it was error to enforce the alleged lien on, and subject to satisfaction of the note, any portion of the original tract owned by him.

As defense to the action A. J. Royse, while living, and his personal representative afterwards, pleaded payment of the note, and also limitation.

The evidence tends to show the note had been paid off previous to 1882, but it is not necessary to reverse the finding of the lower court on that issue of fact.

It was alleged in the answer that the indorsement on the note of a payment of eleven dollars and eighty cents, as of January 2, 1882, is false, and made with fraudulent intent to avoid operation of the statute; to which the plaintiff replied that the credit was the amount found due to Royse. upon a settlement then made between him and J. W. Crain, at the time joint owner of the note, and was, in the presence and by direction of Royse, indorsed on the note as partial payment thereof. Both plaintiff and Crain testified as witnesses the alleged settlement was made at the date mentioned; that the sum mentioned was then found due, and agreed between them and Royse to be then placed as a credit on the note, and was done. But Royse who, before his death, gave a deposition,

swore he never had such settlement, nor authorized
or knew the credit was placed upon the note, but that
he had been furnished by Crain with a statement of
his indebtedness, which, together with receipts of pay-
ments in his possession, he delivered to one John D.
Secret to enable him to make the settlement.

Secret testified the papers were, as stated by Royse,
delivered to him for the purpose, and he did attempt
to make a settlement with Crain and Clark, but that
they differed upon a basis of settlement, as to the
manner of applying credits claimed by Royse, whether
on the notes they held against him, or upon open
accounts, and also as to the amount of such credits,
and, consequently, never did make a settlement, or
agree upon how much of the notes were unpaid, or
that there was, in fact, any part of either of them
unpaid. He also stated the credit of eleven dollars
and eighty cents was never ascertained or agreed upon
as a partial payment of the note sued on, nor was it
in his presence or by his direction indorsed on the
note ; nor is it satisfactorily explained by either Clark
or Crain by what process the precise sum of eleven
dollars and eighty cents was ascertained to be a proper
credit on the note.

The testimony of Secret, a disinterested witness, be-
ing direct and consistent, and besides, supported by
circumstances, and evidence of other witnesses, it
seems to us, should be taken as satisfactory proof the
credit mentioned was never agreed upon by Royse as
a partial payment of the note, and was placed thereon
without his knowledge or consent; for the only evi-
dence to the contrary is the improbable and unsup-

ported testimony of Clarke, the plaintiff, and Crain, assignor of the note.

The rule is, that an "admitted payment within fifteen years before institution of the suit, not qualified or restricted by the evidence in its legal import and effect, is *prima facie* evidence of an acknowledgment, as of the date, that the residue of the debt, as appearing from the note, remained unpaid, and of continuing liability therefor, and consequently sufficient to suspend operation of the statute between the accrual of the cause of action on the note and date of the payment." (English v. Wathen, 9 Bush, 387.) But where there is a denial by the payor that an alleged partial payment was made, no presumption arises the indorsement on the note was made with his privity; for "the party in possession of the note must be presumed to know when and by whom the payment was made and the credit entered, and the mere indorsement of a credit, although apparently against the interest of the obligor at the time it purports to have been made, can not be regarded as sufficient evidence of payment by the obligor, when that fact is controverted by the answer." (Frazer v. Frazer, 13 Bush, 397.)

It thus results that in order to continue liability on the note beyond the statutory period of fifteen years the burden rested on the plaintiff to show, the fact being denied, that the amount indorsed as a credit was a partial payment made by Royse; but instead of doing so the contrary appears to us clearly established, and consequently no judgment ought to have been rendered, either for the debt or enforce-

ment of a lien on any part of the land, even if the devisees of A. J. Royse, owners of the land and necessary parties, had been before the court.

It appears that in pursuance of the judgment the entire tract of land was sold and purchased by the plaintiff, Clarke, and that exceptions to report of sale were filed, but erroneously overruled. Wherefore, the personal judgment against the administrator, judgment for sale of land, and confirmation of report of sale, are reversed, and cause remanded to set aside the sale and dismiss the action.