[No. 5694.]

Du Bois, Impleaded, etc., v. First National Bank of Denver et al.

1. **Pleading—Complaint—Motion to Make More Specific.**

A motion to make a complaint more specific is properly denied where the complaint is not so general as to be misleading, and where it can readily be understood by defendant.—P. 403.

2. **Limitation of Actions—Pleading—Partial Payment.**

A complaint in an action to foreclose a mortgage, which alleges a payment on account of the indebtedness secured thereby within six years before the commencement of the action, is

good as against a demurrer on the ground that the complaint on its face shows that the action was barred by the six-year statute of limitations.—P. 403.

3. **Husband and Wife—Mortgage by Husband—Alimony—Knowledge of Mortgagee.**

A bank, though knowing that a husband and wife·are not living together harmoniously, and though foreseeing that the wife will obtain a divorce, may in good faith and in the ordinary course of business make loans to the husband and take a mortgage of his property as security for the same, and its lien is·not subordinate to any interest which the wife may subsequently secure on obtaining a divorce.—P. 404.

4. **Fraudulent Conveyances—Pleading Fraud—Allegations.**

A party assailing a transaction on the ground of fraud must allege facts, not conclusions, constituting fraud.—P. 404.

5. **Limitation of Actions—Mortgages—Partial Payment by Mortgagor—Effect as to Part Purchaser with Notice.**

Where a purchaser with actual or constructive notice of a mortgage acquires an interest in the mortgaged property, he succeeds to the estate and occupies the position of his grantor, and he takes subject to the incumbrance; and, so long as the mortgagor retains the equity of redemption or any part of it, his acknowledgment of the existence of the debt binds the purchaser.—P. 406.

6. **Same.**

The grantor in a deed of trust securing a debt may arrest the running of the statute of limitations by an acknowledgment of the continued existence of the debt, and thus bind one subsequently acquiring an interest in the premises.—P. 406.

7. **Mortgages—Future Advances—Validity.**

A mortgage securing future advances is valid although it does not state on its face that such is its purpose; and, where it specifies a fixed sum for which the security is given, advances within such limit are protected, the amount as well as the purpose of the security being established by parol evidence.—P. 406.

8. **Mortgages—Foreclosure—Effect.**

Where the amount bid on the foreclosure of a mortgage does not equal the original amount of the debt secured thereby before the wife of the mortgagor acquired an interest in the mortgaged premises on obtaining a divorce, she cannot question whether her interest was released as to advances made subsequent to the acquisition of her rights.—P. 407.

26

*Error to the District Court of the City and County*
*of Denver.*
*Hon. John I. Mullins, Judge.*

Action by the First National Bank of Denver, Thomas Keely and George E. Ross-Lewin against Eliza M. Du Bois, impleaded with Louis B. Du Bois. From a judgment for plaintiffs, defendant, Eliza M. Du Bois, brings error.                    *Affirmed.*

Mr. R. H. Kane, Mr. Thomas Carlon, Mr. Dan B. Carey, and Mr. O. A. Erdman, for plaintiff in error.

Mr. Chas. J. Hughes, Jr., Mr. Gerald Hughes, and Mr. Barnwell S. Stuart, for defendants in error.

Mr. Justice Campbell delivered the opinion of the court.:

On the 5th of February, 1895, Louis B. Du Bois was indebted to the First National Bank of Denver in the sum of about seven thousand dollars. As collateral security therefor and for all advances thereafter to be made to him by the bank, he executed on that day and delivered to George E. Ross-Lewin his promissory note in the sum of twenty-five thousand dollars, secured by a trust deed to Thomas Keely upon real estate. From time to time thereafter, Du Bois obtained further loans from the bank and gave notes and renewal notes for them and the earlier indebtedness. During the continuance of this indebtedness, Du Bois made a payment upon the same in November, 1897, which was credited upon the principal debt and indorsed upon the collateral note. In June, 1899, his wife, Eliza M. Du Bois, brought her action against him in the district court for divorce, alimony, and a division of the property,

and, in the following October, obtained a decree dissolving the marriage relation and an award of an undivided one-third interest in the property covered by the deed of trust here in controversy; and, on the 25th of the same month, by virtue of the provisions of the decree, a deed of conveyance was executed and delivered to her for this one-third interest, and the deed was then placed on record. In June, 1903, the indebtedness, interest and taxes, which Louis B. Du Bois was obligated to pay, were then past due and unpaid, and the bank and Ross-Lewin, holder of the collateral note, and Keely as trustee, filed their complaint in the pending action to foreclose the deed of trust and apply the proceeds obtained therefrom to the indebtedness of Du Bois to the bank. Mrs. Du Bois was made a defendant in the action as a claimant of an interest in the property covered by the trust deed as the result of the award to her in the divorce proceeding, and the deed made in pursuance thereof. Plaintiffs got judgment against Mr. Du Bois for the amount of indebtedness, and a decree went for foreclosure of the trust deed. To review this judgment, Mrs. Du Bois sued out this writ of error. Of the alleged errors, the following assignments only are deemed worthy of consideration:

The court was right in overruling her motion to make the complaint more specific. The complaint was not so general as to be misleading. It could readily be understood by defendant. Her demurrer upon the ground that the complaint on its face showed that the action was barred by the six years' statute of limitation was properly overruled. The complaint contained an allegation of a payment upon the indebtedness in question made less than six years before the action was instituted.

Plaintiff's motion to strike certain parts of the answer was properly granted. These contained ref-

erences to allegations of the complaint in the divorce proceedings brought more than five years after the trust deed was given, whose pertinency to anything involved in the present action is not apparent. They are not matters that can be taken against the bank or which affected the validity of its security. Even though the bank knew that Du Bois and his wife were not living together harmoniously, it did not prevent the bank, in good faith and in the ordinary course of business, from making loans of money to him and taking security for the payment of the same. If the bank had knowledge of their domestic infelicity, it could not reasonably be held, at its peril, to anticipate that she would bring an action for divorce and obtain a decree therein for an interest in her husband's mortgaged property. But if the bank could foresee such an end to their unhappiness, its lien on the property, taken in good faith, would not be subordinate to the purchaser's title which she subsequently secured.

The attempt of defendant, by separate defenses of the answer, to assail the transactions between her husband and the bank upon the ground of fraud, is ineffectual. She would have to allege facts, not conclusions, constituting fraud; but her pleading is wholly insufficient in such particulars.

The objections to the insufficiency of the evidence and errors of the court in admitting evidence in behalf of the plaintiffs are not good. A careful examination of the record shows that both by legitimate record evidence and oral testimony the material allegations of the complaint were established. It appears with equal clearness that none of the defendant's defenses were proven.

Passing now to the more important questions, we observe that, in one of the defenses of her answer, the defendant pleads the six years' statute of limita-

tion.  Had no payment been made by Louis Du Bois
to the bank upon this indebtedness, the bar of the
statute would have been complete in February, 1901;
but before that time, in November, 1897, the debtor
made a payment upon the debt, which, as to him,
suspended the running of the statute, and this suit
was begun before the expiration of six years from
the date of such payment.  The defendant, however,
says that, although the effect of this payment was to
elongate the statute as to her husband, the mort-
gagor, both as to the debt and the mortgage, it did
not have that effect as to her interest in the mortgaged
property, since she was a subsequent purchaser in
good faith of a third of the property covered by the
trust deed; and that, while the running of the statute
could be suspended as to her husband, it could not
as to her, by any act of his to which she was not a
party and to which she had not consented by some
affirmative act.  To this she cites:  *Watt v. Wright,*
66 Cal. 202; *Tate v. Hawkins,* 81 Ky. 577; *Kendall
v. Clarke,* 90 Ky. 178; *Cottrell v. Shepherd,* 86 Wis.
649; *Day v. Baldwin,* 34 Iowa 380.

The California doctrine seems to go to the length
contended for by defendant that a mortgagor has no
power by stipulation to prolong the time of payment
of his mortgage as against others who have acquired
an interest in the equity of redemption, either as sub-
sequent incumbrancers or purchasers thereof.  *Watt
v. Wright* was based upon *Wood v. Goodfellow,* 43
Cal. 185.  The correctness of that decision has been
controverted in *Waterson v. Kirkwood,* 17 Kan. 9;
*Schmucker v. Sibert,* 18 Kan. 104; *Clinton County v.
Cox,* 37 Iowa 570.  The other cases cited are clearly
distinguishable from the one in hand.  There the
mortgagor had parted with all interest in the prop-
erty at the time of his payment upon the debt secured
by the mortgage, and it was held, though the deci-

sions upon that point are conflicting, that after the mortgagor has parted with all interest in the property as against subsequent incumbrancers or purchasers, he cannot prolong the time of the payment of his mortgage. But the decided weight of authority is that, when a purchaser with actual notice of the mortgage, or constructive notice by means of registry—which is the case here—acquires an interest in mortgaged property, he succeeds to the estate and occupies the position of his grantor. He takes subject to the incumbrance, and, so long as the mortgagor retains the equity of redemption or any part of it, his acknowledgment of the existence of the debt binds the subsequent purchaser.—2 Jones on Mortgages (6th ed.), §§ 1201-1202.

This distinction is clearly brought out in the case of *Cook v. Union Trust Co.,* 51 S. W. 600, 106 Ky. 803. Other authorities are cited in the notes to the foregoing sections of Jones.

Another and sufficient answer to this point of defendant is, that the payment by Louis Du Bois, the mortgagor, upon his debt to the bank, which suspended the running of the statute, was made nearly two years before the defendant acquired any interest in the property covered by the mortgage. At any time before she acquired her interest, her grantor, the bank's mortgagor, could arrest the running of the statute by an acknowledgment of the continued existence of his indebtedness to the mortgagee.

No question is made concerning the validity of the mortgage to cover future advances, and it is now well settled that the mortgage need not state on its face that such was its purpose. It may be silent as to that feature, or it may specify a fixed sum for which the security is given, and advances within such limit are protected, the amount, as well as the purpose of the security, being established by oral evi-

dence.—1 Jones on Mortgages, §§ 364, 372, 374; *Bank of Utica v. Finch*, 3 .Barb. Chanc. 293; *Craig v. Tappin*, 2 Sandf. Chanc. 85; *Ackerman v. Hunsicker*, 85 N. Y. 43.

But defendant does contend that the mortgage or trust deed is not a security upon her portion of the property for advances made by the bank to her husband after the maturity of the collateral note, or after she acquired her interest therein under the divorce decree, and that the rendition of the decree and the recording of her deed, which was made in pursuance thereof, operated as constructive notice to the bank of her rights. The position of the bank is that, until she gave to it actual notice of the acquisition of her interest in the property, it might continue to make advances to the mortgagor even after the maturity of the mortgage notes, since the mortgage did not restrict the time within which the advances were to be made, which would be protected by the mortgage as to the entire property. The trial court apparently adopted the view of the law entertained by plaintiffs, and also found as a fact that all the advances which the bank made to Du Bois were made before defendant gave notice of her rights. If such is the fact, it would seem from the authorities that such advances are within the lien of the mortgage. See authorities *supra*. But that question is not now a live one in this case. The foreclosure sale has been had under the decree of the district court, and it appears that the amount bid at the sale is less than Du Bois's indebtedness to the bank which existed before defendant acquired her interest and without including any of the advances that were made by the bank after the date of the divorce decree. Since then, as conceded by counsel for defendant on the oral argument, the amount bid does not equal the amount of the conceded mortgage debt, defendant is

not in a position to have a decision of the question whether her interest in the property was released from the lien of the mortgage as to the advances that were made by the bank to the mortgagor subsequent to the acquisition of her rights.

Perceiving no prejudicial error in the record, the judgment is affirmed.    *Affirmed.*

Chief Justice Steele and Mr. Justice Gabbert concur.