CASE  2.—ACTION  BY  SALLIE  E.  WALKER'S  EXECUTOR
      AGAINST  W.  E.  LUXON'S ADMINISTRATOR  AND
      OTHERS.—April 27, 1910.

## Walker's Exr v. Luxon's Admr

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

Limitation of Actions—Computation of Period—Remote Vendees
    —Amendment of Pleading—New Parties.—Where a vendor of
    land takes back a note and mortgage for the price, and be-
    fore limitations have expired sues the purchaser on the note,
    and seeks to enforce a lien on the land, the commencement
    of the action does not stop limitation as against remote ven-
    dees of the purchaser, though he afterwards brings them in
    by amendment after limitations have run.

J. A. SULLIVAN and S. M. WALLACE for appellant.

JOHN C. CHENAULT and HENRY C. HAZELWOOD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Affirming.

On March 5, 1887, W. E. Luxon and his wife, Sallie
B. Luxon, executed and delivered to J. Stone Walker
their promissory note for $450, and to secure its
payment executed and delivered a mortgage on the
real estate described in the petition, which is situated
in Richmond, Ky. Afterwards, on June 25, 1887,
Luxon and wife sold and conveyed the mortgaged
property to S. D. Parish for $400 cash, $200 due in
60 days, and the further consideration that Parish
assume the debt of $450 due J. Stone Walker. On
January 24, 1888, S. D. Parish made a payment of
$240.25 on the note. In 1890 he sold a part of the
mortgaged property to Lyman Parish, and in 1892
appellee W. L. Arnold purchased a portion of it.

On the 9th day of January, 1902, the appellant's
testator, Sallie E. Walker, claiming to be the owner
of the note executed by the Luxons to J. Stone Walk-
er, instituted this action by filing in the Madison
circuit court a suit against W. E. Luxon and wife.
In the petition the payment of $240.25 as of Jan-
uary 24, 1888, is admitted, and judgment prayed for
the balance of the debt and an enforcement of the
lien upon the mortgaged property. Afterwards, in
August, 1904, an amended petition was filed, setting
up the fact that the appellees Lyman Parish and W.
L. Arnold had purchased portions of the mortgaged
property, and making them parties defendant. The
two last-named defendants filed separate answers,
each containing six paragraphs. In the first para-
graph they denied certain allegations of the petition.
In the second, they pleaded payment in full to J.
Stone Walker of the debt sued on. By the third,

fourth, fifth, and sixth paragraphs they pleaded several statutes of limitation. A general demurrer to the third, fourth, fifth, and sixth paragraphs to the answers was sustained. The deposition of J. Stone Walker was then taken on the issues remaining, and the case submitted for judgment. The trial court adjudged that the plaintiff was entitled to a judgment against the Luxons for the amount claimed in her petition, and that she was entitled to enforce her mortgage against all of the property except that claimed by the appellees Parish and Arnold. As to them the fifteen-year statute of limitation barred the right of action in plaintiff to enforce her mortgage against property owned by them. Therefore, the petition was dismissed as to them. Of this part of the judgment the appellant, Sallie E. Walker's executor (she having died pendente lite), now complains.

The circuit judge evidently changed his opinion as to the validity of the plea of the fifteen-year statute of limitation between the time the general demurrer to the paragraphs of the answer pleading that statute and the rendition of the judgment. But we assume that plaintiff was not prejudiced by this change, in so far as the preparation of her case was concerned. Of course, the court would have permitted her to reply to the several paragraphs of the answer, if she had so desired, after he changed his opinion and overruled the demurrer to them; but, as all of the facts upon which the plea of the statute of limitation was based are admitted in the pleadings, no reply could have been made. The right of action on the note was clearly barred as to appellees at the time the action was instituted against them. The note was dated March 5, 1887, and the action

as to appellees was instituted in 1904. If we assume
that the payment made in January, 1888, extended
the life of the note for the full period of 15 years,
still the debt was barred in 1904; more than 16 years
having elapsed between that date and the time the
action was commenced against appellees.  Tate v.
Hawkins, 81 Ky. 577, 50 Am. Rep. 181; Kendall,
Adm'r, v. Clarke, 90 Ky. 178, 13 S. W. 583, 11 Ky.
Law Rep. 980; Cook v. Union Trust Co., 106 Ky. 803,
51 S. W. 600, 21 Ky. Law Rep. 454, 45 L. R. A. 212.

Appellant seeks to avoid this conclusion by point-
ing out that the action was instituted against the
Luxons just a few days before the statute of limita-
tions barred the claim against them; and it is said
that, because the running of the statute was stopped
against the Luxons, it was also stopped as against
appellees.  This position is manifestly unsound. The
appellees were not sued until they were made parties
defendant by the amended petition filed in August,
1904, and the statute ran as to them until that time.
When the amended petition was filed, making them
parties, more than 16 years had elapsed since the
payment in January, 1888, from which time the run-
ning of the statute must be dated.  The unsoundness
of appellant's position was held both in the cases
of Tate v. Hawkins and Kendall, Adm'r, v. Clarke,
supra.  In neither of these cases did the statute of
limitations run as between the immediate parties to
the debt sued for, but in each it was held that the
remote vendees were protected by the running of the
statute.  Indeed, this proposition is so plain that it
does not need the citation of authorities to support
it.  If the statute runs in favor of the remote ven-
dees at all, it runs until stopped by the institution
of an action against them.  There was no action in-

stituted against them until the amended petition was filed, in 1904, making them parties defendant, and the issuance of summons thereon.

The conclusion we have reached on this question makes it unnecessary for us to consider the sufficiency of the plea of payment made in the second paragraphs of the answers of appellees, to which no reply seems to have been filed.

Judgment affirmed.