## No. 15,705.

## FERGUSON ET AL. *v.* MUELLER, RECEIVER.
### (169 P. [2d] 610)

Decided May 13, 1946.

Mr. HARRY BEHM, for plaintiffs in error.

Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. HAROLD E. POPHAM, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THE East Denver Municipal Irrigation District contracted through the issuance of bonds for the construc-

tion and purchase of a system of irrigation works; but litigation arose concerning the validity of the contract, many of the landowners failed to pay their taxes, both special and general, and the district was unable to redeem or procure water for the lands comprising it.

A plan for attempted settlement of the difficulties of the district was evolved, as a result of which five trustees under the name of District Landowners Trust executed a declaration of trust, dated April 12, 1924, whereunder it was proposed that the landowners within the district should either pay in cash or execute mortgages to the trust securing a sum not in excess of twenty dollars per acre for each irrigable acre owned within the district, and that with such financial assistance, together with the sale of a portion of the irrigation system, the trustees should compromise the litigation, pay outstanding judgments and claims, obtain outstanding bonds for cancellation, take title to lands held under tax deeds and the part of the irrigation system not sold, construct necessary reservoirs, put the system in repair, dissolve the irrigation district and hold all property in trust for the use and benefit of the landowners.

The Samuel A. Baxter's Sons Company, the then owner of the lands herein sought to be foreclosed, under date of August 18, 1924, became a party to this trust agreement and executed first deed of trust upon said lands in the sum of $3,200. Thereafter these lands were conveyed to Frank E. Baxter. With the title so held, under date of July 15, 1937, the trust wrote "Baxter Brothers" advising them that the principal of their note was subject to a credit for certain non-irrigable acres, and that they were entitled to adjustment of interest and credit for oil and gas rental, and offering to amortize the unpaid balance into forty equal semi-annual payments including interest. The letter containing this proposal referred to the thirteen years which had elapsed since the organization of the trust, to the fact that some of the landowners had abandoned their land and some

had conveyed to the trust and some had quit paying, and declared that the delinquent landowner must either pay his taxes and execute a new note and trust deed or his land would be foreclosed.

Pursuant to this letter, Frank E. Baxter executed the new notes and deed of trust securing the same, and, default having been made in payment thereunder, this action of foreclosure was brought by the receiver of the trust. The only defendants appearing to contest the suit are Joseph Ferguson and Minnie Ferguson, the present owners of the land. By their answer they set out the trust agreement, together with the printed statement circulated by the trust prior to the execution of the original mortgage, proposing that upon completion of construction work the landowners would be given a credit based on "the pro rata cost of construction less than twenty dollars per acre," and further alleged that these defendants purchased the real estate subject to the mortgage by quitclaim deed without assumption thereof or deduction from the purchase price therefor; that more than a reasonable time had elapsed for performance of the objects of the trust, and that the trustees had failed in performance and in accounting and credit to the defendants.

After trial, judgment of foreclosure was entered and the matter is brought here by defendants Ferguson alleging error in the refusal of the trial court to require an accounting to them as to the accomplishment of the objects of the trust and as to the expenditures by the trustees thereunder. Both parties ask that the case be determined on the application for supersedeas.

■■■■ The trust agreement and the correspondence in evidence establish the fact that the mortgage here sought to be foreclosed was given pursuant to the terms of the trust instrument and represented a contribution of credit for the purposes of the trust, "for an amount not exceeding twenty dollars per acre." "There is no more fundamental duty imposed on those who hold

property for others than that of rendering an account of its management." *In Re Pittsburgh Rys. Co.,* 117 F. (2d) 1007. Even a provision in the instrument creating the trust that the trustee shall not be required to report his doings to a court does not oust an equity court of jurisdiction to require accounting. *Keeler v. Lauer,* 73 Kan. 388, 85 Pac. 541; 1 Bogert, Trusts and Trustees, p. 615, §211, note 14. When, as here appears, the trustee seeks to foreclose a mortgage given by a cestui for the purpose of contributing toward the accomplishment of the objects of the trust, the cestui whose mortgage is sought to be foreclosed is prima facie entitled to an accounting and report by the trustee showing the obligations incurred and the purposes accomplished through the use of the cestui's obligation which it is sought to enforce.

The grounds urged by defendant in error for denying accounting may be summarized as follows:

(1) That Fergusons are estopped to defend against the encumbrance as purchasers of the property subsequent to the mortgage; (2) that the notes and mortgage were executed with full knowledge of any partial failure of consideration and that by the execution of the new notes and mortgage the maker and his grantees waived any defense as to consideration; (3) that the trust agreement provides for the issuance of certificates of beneficial interest to all landowners complying with its provisions, that these certificates are transferable upon sale of the land to the new owner thereof, and that defendants Ferguson cannot claim as cestuis que trustent for the reason that they have not shown that any certificate of beneficial interest has been transferred to them in connection with their purchase of the land; (4) that the notes are prima facie proof of consideration and that the defendants have not submitted evidence to overcome the weight of that proof.

As to the first contention, the basis of estoppel of a purchaser to defend against his grantor's mortgage

is the obligation of the purchaser to pay the agreed purchase price of which the mortgage is a part. If the vendor is content to provide for the payment or recognition of an invalid mortgage out of the purchase price; the purchaser cannot be heard to complain. "Whether a grantee of property subject to mortgage or trust deed is estopped from defending against the same. depends upon whether he has agreed to pay the same. A purchaser or grantee who takes a conveyance of mortgaged premises is entitled to interpose the same defenses to the mortgage as the mortgagor where he has not expressly agreed to pay the mortgage and has not impliedly agreed to pay it by reason of the fact that it is considered a part of the consideration for the transfer of the property." 1 Wiltsie on Mortgage Foreclosure (5th ed.), p. 402, §230.

"It follows, therefore, that, unless a purchaser for some legal or equitable reason has estopped himself from protecting the interest he has acquired in incumbered premises, we can see no good reason why he should not be permitted to protect his interest by contesting any illegal claim that may be sought to be enforced against it. In the absence of proof, therefore, that the appellant had deducted the amount claimed unpaid upon the mortgage in question from the purchase price, the finding of the court that it was liable for the full amount found due upon the mortgage, including the $4,400, cannot be maintained." *Brunswick Realty Co. v. University Inv. Co.*, 43 Utah 75, 134 Pac. 608, 612. Particularly where the purpose of a mortgage, as here, is to lend credit for agreed expenditures to be made for the benefit of the mortgaged premises, the purchaser is not estopped from requiring an accounting by the mortgagee upon foreclosure brought.

As to the second contention, while the original term of the trust agreement had expired, the complaint recites the extension of its term from time to time until after the date of foreclosure. The deed of trust recites

that the notes were payable to the order of "District Landowners Trust of Denver, Colorado, acting under a certain Declaration of Trust, dated April 12, 1924, and the Extensions thereof, * * *." The mortgage having been given for the purpose of carrying out the objects of the trust and the term for performance by the trustees having been extended to a time subsequent to the giving of the new note and mortgage, there could be no presumption of agreed or known deviation by the trustees from the purposes of the trust. Accordingly no waiver was evidenced by execution of the new notes.

As to the third contention, the trust agreement provides that the cestuis shall include all owners of land within the boundaries of the district who subscribe to its terms and conditions and execute and deliver to the trustees deeds of trust in an amount not exceeding twenty dollars per acre; that each landowner shall be entitled to a certificate from the trustees reciting such fact, and that "the said benefits represented by said Certificates shall become and remain appurtenant to the lands therein described, and not otherwise, and the Holder thereof may assign and transfer said Certificate with the conveyance of said lands, and, in such event and upon surrender of such Certificate to the Trustees, a new Certificate will be issued to such new owner of said lands; and the Holder of such Certificate, after the Trustees have fully paid for all securities and properties purchased and all said claims and judgments, and have repaid all loans of money or securities borrowed for the purposes herein provided, shall also be entitled to a like pro rata interest in all other 'Trust Property' or 'Trust Funds' existing at the expiration of the term of this trust." Whatever requirements might be proper for the protection of the trustees as to proof of interest in any trust funds, there can be no question from the wording and nature of the trust instrument that the beneficial rights thereunder were appurtenant to and transferred on conveyance of the land and that by proof of their

title to the land defendants established their standing as cestuis to entitle them to an accounting of the expenditure of the money for which the mortgage on their land was given.

██ ██ As to the fourth contention, when it appears, as here, from the face of the mortgage, that it is given to secure trustees under the terms of the trust instrument in expenditures to be made by them for the benefit of the mortgagor, any presumption of consideration arising from the notes is overcome. The trust instrument becomes part of the mortgage and by its very provisions shows the nature and purpose of the security. "When a mortgage in terms secures future advances, the sum named as the consideration is of no importance, because as between the parties it will be security for the money actually advanced upon it, and for nothing more." 1 Wiltsie on Mortgage Foreclosure (5th ed.), p. 178, §95. "No question is made concerning the validity of the mortgage to cover future advances, and it is now well settled that the mortgage need not state on its face that such was it purpose. It may be silent as to that feature, or it may specify a fixed sum for which the security is given, and advances within such limit are protected, the amount, as well as the purpose of the security being established by oral evidence." *Du Bois v. First National Bank,* 43 Colo. 400, 96 Pac. 169. See, also, 1 Jones on Mortgages (8th ed.), p. 599, §461. "The foreclosure of an indemnity mortgage is subject to the equity rule that if the money is not equitably due, it ought not be recovered." 2 Jones on Mortgages (8th ed.), p. 1011, §1521.

From the record it appears that defendants Ferguson were entitled to an accounting by the trustees as prayed for and the case is remanded for further action in accordance herewith.