David H. Getches, Executive Director Department of Natural Resources 1313 Sherman St., Room 718 Denver, CO 80203
Dear Mr. Getches:
This letter is in response to your memorandum of March 10, 1984 in which you requested an attorney general's opinion regarding your legal authority to transfer the accounting functions of the State Board of Land Commissioners ("the Land Board") to the controller of the Department of Natural Resources ("the department").
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Is there any statutory or constitutional provision which would prevent the executive director of the department from transferring the accounting functions of the Land Board from the Land Board to the controller of the department?
 My conclusion is "yes." The Land Board's constitutional mandate is to act as trustee for the public lands; as trustee, the Land Board must retain direct control over the accounting for the trusts. Moreover, the statutes regulating the Land Board specifically provide that its accounting functions be performed by the deputy register of the Land Board, whose position is a statutory creation. No statutory provision authorizes the executive director of the department to transfer the Land Board's accounting functions.
ANALYSIS
The reorganization which you propose in your memorandum would abolish the Land Board's chief accountant's position, move its cashier to the staff of the department's controller, and place the Land Board's accounting functions under the direction of the department's controller. One must look at the relationship between the department and the Land Board, as well as at the Land Board's constitutional status, to determine whether this proposed reorganization is within the executive director's administrative power.
Pursuant to the Administrative Organization Act of 1968, section24-1-101 to 136, C.R.S. (1982 1983 Supp.) ("the Act"), the Land Board was transferred to the department and made a division thereof by a "type 1" transfer. Section 24-1-124(3)(d), C.R.S. (1982). A "type 1" transfer is "the transferring intact of an existing . . . agency . . . to a principal department . . . . Any powers, duties, and functions not specifically vested by statute in the agency being transferred . . . shall be performed under the direction and supervision of the head of the principal department." Section 24-1-105(1), C.R.S. (1982). In delineating the powers of the heads of the principal departments, the Act states:
 The head of a principal department, with the approval of the governor, may establish, combine, or abolish divisions . . . other than those specifically created by law and may allocate and reallocate powers, duties, and functions to divisions . . . under the principal department, but no substantive function vested by law in any officer . . . or other agency within the principal department shall be removed from the jurisdiction of such officer . . . or other agency under the provisions of this section.
Section 24-1-107, C.R.S. (1982) (emphasis added).
It is clear from the above-quoted language that the executive director of the department may transfer functions which are considered management functions from the agency to department offices; however, the executive director may not
transfer substantive functions. The question then becomes whether the accounting functions of the Land Board are substantive in nature. That determination must be made based on the constitutional and statutory provisions which govern the Land Board.
The Land Board was created by the Colorado Constitution, art. IX, § 9. The constitution requires the Land Board to "provide for the location, protection, sale, or other disposition of all the lands heretofore, or which may hereafter be granted to the state by the general government, under such regulations as may be prescribed by law; and in such manner as will secure the maximum possible amount therefor." Colo. Const. art. IX, § 10. Further, these state lands must be "carefully preserved and held in trust . . . for the use and benefit of the respective objects for which said grants of land were made." Colo. Const. art. IX, § 10. Thus, the Land Board acts as trustee for these land grants.
The Colorado courts have consistently emphasized the Land Board's constitutional mandate and its independence. See, e.g.,Sunray Mid-Continent Oil Co. v. State, 149 Colo. 159,368 P.2d 563 (1962). Moreover, in one of the earliest cases in which the supreme court interpreted the constitutional provisions applicable to the Land Board, the court held that the Land Board cannot be required to exercise its power jointly with other agencies. In re Canal Certificates, 19 Colo. 63,34 P. 274 (1893).
With regard to the law of trusts, it has long been the law both in Colorado and elsewhere that "there is no more fundamental duty imposed on those who hold property for others / in trust / than that of rendering an account of its management."Ferguson v. Mueller, 115 Colo. 139, 142-143, 169 P.2d 610,612 (1946). To fulfill this most fundamental of trustee duties, a trustee must have direct control over the accounting for the trust.
Therefore, for the purposes of section 24-1-107, the Land Board's accounting functions must be treated as a substantive function by virtue of the Land Board's trusteeship. Further, transferring the accounting functions of the Land Board to the controller of the department would not allow for the Land Board's independent and direct control thereof. The proposed reorganization would thus conflict with the Land Board's constitutional mandate and exceed the executive director's administrative power.
The proposed reorganization also conflicts with the statutes that govern the Land Board. The constitution directs the Land Board to manage the public lands under such regulations as may be prescribed by law. Colo. Const. art. IX, secs. 9 and 10. Those laws are found in sections 36-1-101 to 148, C.R.S. (1973 1983 Supp.), several of which deal with the hired personnel for the Land Board. Pursuant to section 36-1-102(1), C.R.S. (1973), the Land Board is "authorized to employ . . . an office force." In addition, section 36-1-103, C.R.S. (1973) provides for the office of deputy register. The deputy register's statutory duties are "to receipt and account for all moneys payable to the state board of land commissioners, and . . . / to / pay the same over to the register / a commissioner / . . . . / and to / perform such other duties as may be prescribed by the state board of land commissioners." Id. (emphasis added). This section expressly provides for a Land Board employee whose duty is to perform the accounting functions of the Land Board.
The proposed reorganization would effectively transfer the deputy register's duties, established by statute, to the controller of the department, who is supervised not by the Land Board but by the executive director of the department. Sections 24-1-107 and24-1-105, quoted above, specifically prohibit an executive director of a principal department from abolishing or reallocating statutorily enumerated duties or functions. Thus, the executive director of the department does not have the authority to transfer the accounting functions of the Land Board from under its control, due both to statutory and constitutional restraints.
SUMMARY
The Land Board is the trustee of the state public lands by virtue of the constitution. Colo. Const. art. IX, secs. 9 and 10. It has a fundamental duty to account for the management of these trusts. The accounting functions of the Land Board are therefore substantive in nature and cannot be removed from its direct control. Moreover, the executive director does not have the statutory authority to remove the accounting functions of the Land Board from its direct control and place them under the direction and supervision of the executive director. Sections24-1-105 and 107.
Very truly yours,
 DUANE WOODARD Attorney General
AUDITORS STATE AGENCIES PUBLIC OFFICERS
Section 24-1-105(1), C.R.S. (1982) Section 24-1-107, C.R.S. (1982) Section 36-1-102(1), C.R.S. (1973) Section 36-1-103, C.R.S. (1973)
Colo. Const. art. IX, secs. 9 and 10
NATURAL RESOURCES Land Commissioners, State
The executive director of the Department of Natural Resources does not have the authority to transfer the accounting functions of the State Board of Land Commissioners from its direct control and place them under the supervision and direction of the executive director. As the constitutional trustee of the public lands, the Land Board has a substantive duty to account for the management of its trusts and thus must retain direct control of their accounting.