## No. 9618.

GREAT WESTERN MANUFACTURING CO. *v.* ELLEDGE ET AL.

1. APPEAL AND ERROR. A question, concerning a ruling of the trial court to which no exception is saved, will not be considered on appeal, notwithstanding its argument.

2. CONTRACT—*Copartnership*. A contract, executed by one who afterwards becomes a member of a copartnership which adopts it by consent of all parties interested, is the contract of the copartnership.

3. PARTNERSHIP—*Assumption of Indebtedness*. Notes and mortgage executed by individuals in contemplation of the organization of a copartnership and for its use and benefit, which were adopted by the copartnership with the knowledge and consent of all the parties interested, became its notes and mortgage.

4. LIMITATIONS. A debt, otherwise barred by the statute of limitations, may be revived by an implied promise to pay, created by a clear acknowledgment of the debt.

5. *New Promise—For the Court, When.* Where the evidence is undisputed, its effect to establish a new promise is a question for the court.

6. *Mortgage—Acceptance of, Containing Reservations—Effect.* Parties by accepting documents in which a prior grant to others is expressly excepted, acknowledge the existence and validity of the prior claim so as to preclude their plea of the statute of limitations and the statute as to them would begin to run on the date they took title.

*Error to the District Court of Conejos County, Hon. Jesse C. Wiley, Judge.*

Mr. W. W. HOOPER, Mr. CULVER A. GREEN, for plaintiff in error.

Mr. RALPH L. CARR, for defendants in error.

*Department One.*

Mr. Justice Burke delivered the opinion of the court.

THE parties, plaintiff and defendants, are the same here as in the court below.

The property in question is the S. E. ¼ of the S. E. ¼ of Sec. 30, Tp. 34, R. 10, Conejos County, Colorado, and certain buildings and milling machinery located thereon. In June, 1909, this property was unimproved and title stood in the State of Colorado. At that time defendant James H. Elledge bought $4,200.00 worth of milling machinery of plaintiff under a written contract which provided that deferred payments in the sum of $3,000.00 should be evidenced by notes secured by mortgage on the machinery and the real property upon which it was to be located. The notes were executed January 12, 1910, and secured by mortgage on said property, although title to the forty acre tract was still in the state. This mortgage contained the usual covenants of title in the grantors and it, as well as the notes, were signed by defendants James H. Elledge and Mary

A. Elledge, his wife. April 6, 1910, the State Land Board issued a certificate of purchase for said real estate to The Los Cerritos Milling Company under which certificate, if payments therein provided for were made, the Milling Company would be entitled to patent April 6, 1928. It does not appear that the grantee named in this certificate was at that time in existence. May 16, 1910, Elledge and his wife and W. H. Elledge, their son, formed a copartnership under the title of "The Los Cerritos Milling Company." Their articles of copartnership were filed for record November 21, 1911, and provided for the building of a mill on the tract covered by said certificate, which tract should "be purchased from the state for that purpose, if sale can be arranged with the State Board of Land Commissioners", and that James H. Elledge should become the manager of the business.

The last of the notes above referred to fell due July 12, 1911. This note would therefore be barred by the six year statute of limitations July 12, 1917. The present suit was brought December 29, 1917, to foreclose the mortgage for an unpaid balance on these notes. W. H. Elledge disclaimed, James H. and Mary A. Elledge and The Los Cerritos Milling Company defaulted, and defendant Cantu as trustee answered. He alleges an unpaid indebtedness in the total sum of $4,000.00 due from the Milling Company to the other defendants; his appointment as trustee for them; an assignment to him, in trust, of said certificate of purchase under date of January 2, 1912, and the execution and delivery to him of a second mortgage on the milling property under date of January 6, 1912. In addition to the foregoing said defendant denies the plaintiff's corporate existence and pleads the six year statute of limitations. Plaintiff's replication alleges that the Elledges, the Milling Company and the defendant Cantu, trustee, have, by acknowledgment of his indebtedness removed the same from the bar of the statute. The record further discloses that the Milling Company's assignment of its certificate of purchase, and its second mortgage to Cantu, trustee, were

both expressly subject to the plaintiff's mortgage, and that the assignment was approved by the State Land Board February 20, 1917.   At the close of plaintiff's evidence, on motion of defendants, judgment was entered for them denying the foreclosure of plaintiff's mortgage and for costs. To review that judgment plaintiff brings error.

Burke, J., after stating the case as above.

The ground upon which the lower court gave judgment for defendants is not disclosed by the record.   If plaintiff's corporate capacity was established, and the mortgage given by Elledge and his wife was originally valid as against the property of the Milling Company, and was not barred by the Statute of Limitations, the judgment must be reversed.

Defendants admit that the question of plaintiff's corporate existence was decided by the trial court adversely to their contention.   The record discloses no exception to that ruling.   The question is therefore foreclosed here, notwithstanding its argument.

A contract, made by one who afterward becomes a member of a copartnership which adopts it by consent of all the parties interested, becomes the contract of the copartnership.   *Lucas v. Coulter et al.,* 104 Ind. 81, 3 N. E. 622.

Plaintiff's notes and mortgage were given by James H. Elledge and his wife in fulfillment of the contract for milling machinery which later became the principal property of the copartnership.   Elledge and his wife became members thereof upon its organization.   The only other member was their son.   Although dated January 12, 1910, the mortgage to plaintiff was not acknowledged until June 18, 1910, about thirty days after the organization of the copartnership.   That the contract for the machinery, and the notes and mortgage in payment therefor, were executed in contemplation of its organization, and for its use and benefit, and that these acts of Elledge and his wife were adopted by the copartnership with the knowledge and consent of all the parties interested are beyond question.   The notes and mortgage therefore became the notes and mortgage of the Milling Company.   A debt otherwise barred

may be revived by an implied promise to pay created by a clear acknowledgement of the debt. *Miller v. Kinsel*, 20 Colo. App. 346, 78 Pac. 1075. Where the evidence is undisputed its effect to establish a new promise is a question for the court. *Thomas v. Carey*, 26 Colo. 485, 58 Pac. 1093.

A mortgage which, in the granting clause, expressly excepts a title theretofore conveyed, is a direct acknowledgement on the part of the grantor of the existence and validity of his prior grant. Plaintiff's mortgage was expressly reserved in both documents under which defendants claim. Their acceptance of these with such reservations was such an acknowledgement by them of the existence and validity of the claim of plaintiff as to preclude their plea of the Statute of Limitations thereto. The statute would begin to run as to them on the date they took title. This point is definitely settled in this jurisdiction. *Medina v. Phelps*, 39 Colo. 92, 88 Pac. 848; *DuBois v. First Nat. Bank*, 43 Colo. 400, 96 Pac. 169.

Counsel for defendants has attempted to distinguish between these and the instant case on the question at issue. The argument is ingenious but, in our opinion, unsound. Many cases from other jurisdictions are cited. The general distinction between seemingly conflicting authorities is that in one class the reservation is in the warranty, in the other in the grant. In the first neither grantor nor grantee admits any validity in the title excepted. In the second the grantor is bound by the exception, the grantee by the limitation.

The judgment is reversed, with directions to the court below to enter judgment of foreclosure in favor of plaintiff.

Garrigues, C. J., and Bailey, J., concur.