No. 10,850.

DALTON v. OTERO IRRIGATION DISTRICT, ET AL.

Decided January 5, 1925. Rehearing denied February 2, 1925.

Proceeding to dissolve irrigation district. Judgment disallowing claim of plaintiff in error.

*Reversed.*

1. JUDGMENT—*Default—Setting Aside.* Applications to set aside defaults are largely within the sound legal discretion of the trial court. Refusal to set aside default of a claimant against an irrigation district in proceedings for dissolution, held, under the facts disclosed, an abuse of discretion.

2. IRRIGATION DISTRICTS—*Dissolution—Indebtedness.* In a proceeding to dissolve an irrigation district, it is held that legally established claims against the district must be paid or their payment satisfactorily secured, before a dissolution is decreed.

*Error to the District Court of Otero County, Hon. Samuel D. Trimble, Judge.*

Mr. E. W. McDANIEL, for plaintiff in error.

Mr. FRED A. SABIN, Messrs. PERSHING, NYE, FRY & TALLMADGE, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN the general decree of the district court of Otero county dissolving The Otero Irrigation District, there were several separate clauses each affecting a different respondent. That clause or portion which affects the Michigan Trust Company, a respondent in the proceeding, is considered and determined by us at this term. In the opinion in that case, *Michigan Trust Co. v. Otero Irr. Dist.*, 76 Colo. 441, 232 Pac. 919, is a full statement of the pertinent facts, many of which are common to the two cases. The

two opinions should be read together. The material facts out of which the controversy arose need not be repeated here. The most important and the governing principle involved is common to both and as we are setting aside that portion of the decree affecting plaintiff in error, as we did that clause affecting the trust company, in the other case, upon further proceedings herein below if any, the principles of law which are announced in the opinion in the Michigan Trust Company Case, are to be applied, since the plaintiff in error is the owner and holder of bonds of the same series as those held by the Trust Company, which bonds had been merged into a judgment. Plaintiff in error was not given a hearing upon his claim of indebtedness against the district. The only service of notice upon respondent was by publication. The published notice stated that on August 6, 1923, a hearing would be afforded to all persons interested. On that day some of the interested persons appeared but it seems no formal statement of claim was then filed. Various continuances were had from time to time. On October 12, one of the days to which a continuance was had, the default of all holders of indebtedness, not appearing, was entered and further hearing was continued to October 17. Three further continuances were ordered, the last one to November 8. On November 7 Dalton filed his claim and petition, together with a motion to set aside the default entered against him, which we think contained good grounds therefor. It was denied by the court on November 8.

In the recital of findings in its decree, the court declared that Dalton's claim was disallowed and a hearing was not granted to him because of his failure seasonably to file his claim. The dissolution statute adopts the rules of pleading and practice of the Code of Civil Procedure and of the Supreme Court not inconsistent with its own provisions. If it be conceded that Dalton, who was one of the qualified electors and landowners of the district who signed the petition to its board which initiated the proceeding, should have filed his claim upon the return day of the notice, we

think, under the facts disclosed in his motion to set aside the default, that it was an abuse of discretion by the court to refuse him leave then to file his claim and present proof thereof. No discussion is necessary of the facts set forth in his petition for relief. The Michigan Trust Company did not file its claim on the day fixed for hearing and its default was entered at the same time that default was taken against Dalton. Subsequently, and on November 1— only seven days before the denial of Dalton's motion—the district court set aside the default of the Michigan Trust Company and permitted it to file its claim and produce proof in its support. True, the application of Dalton was made at a later date but there is nothing in this record which justifies the order of the court in this discrimination against one creditor and favoring another.

This Court and our Court of Appeals have held that the granting or refusing of applications for setting aside a default are largely within the sound legal discretion of the trial court. It was an exceptionally harsh and improper ruling to refuse to set aside Dalton's default merely because he did not present his claim at an earlier time in the proceeding, adjournments of which on several different occasions were taken to hear the various parties interested. Moreover, if the position of defendants in error is sound that Dalton was a party to the proceeding from the beginning because he signed the petition for an election, his default was not entered for he thereby appeared, and only those not appearing were defaulted. We cannot enter a final specific judgment here because no hearing was had below as to the validity of the plaintiff's claim. The district court must set aside this default and give Dalton an opportunity to file his claim and hear proof. If it appears that he is the owner and holder of bonds and coupons of the same series or class as those belonging to the Michigan Trust Company, his claim will be legally established as an indebtedness of the district and payment thereof, or security of such payment to his satisfaction, must be made and

the same accepted by him, before dissolution of the district is decreed.

The judgment is reversed and the cause remanded to the district court with instructions to proceed so as to give to the claimant the relief to which he is entitled as stated in this opinion; the decree to be set aside, or so modified that claimant's debt, if established, is paid or secured to his satisfaction.

MR. CHIEF JUSTICE TELLER not participating.