THOMAS *v.* HENRYLYN IRRIGATION DISTRICT, ET AL.

No. 11,290.

HOWARD *v.* HENRYLYN IRRIGATION DISTRICT, ET AL.

Decided July 6, 1926.

Actions in mandamus.   Judgments for defendants.

*Affirmed.*

1.  MANDAMUS—*Burden.*   Plaintiffs in a mandamus suit, charging disobedience of a former writ and failure to perform official duty, which was denied by defendants, had the burden of proof.

2.  IRRIGATION DISTRICTS—*Mandamus—Tax Levy.*   In a mandamus suit to compel an irrigation distirct to levy a tax for the payment of district bonds owned and held by plaintiff, defendants properly proceeded to levy such amount as was necessary to pay those, and all others for which it was their duty to make a levy.

3.      *Bonds—Payment—Levy.*   Bondholders compelling levy by an irrigation district which was sufficient to pay the amount due, but did not produce sufficient cash for that purpose, were not entitled to force another levy.

4.  APPEAL AND ERROR—*Findings.*   Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

5.  JUDGMENT—*Presumption.*   On review, all presumptions are in favor of the judgment.

6.  IRRIGATION DISTRICTS—*Bonds—Interest.*  Under mandamus to compel
    a levy to pay irrigation district bonds, plaintiff was not entitled to
    interest on interest coupons unless payment was prevented by defend-
    ants' refusal to make the levy.

*Error to the District Court of Weld County, Hon. George
H. Bradfield, Judge.*

Messrs. THOMAS & THOMAS, Mr. HENRY HOWARD, JR.,
for plaintiffs in error.

Mr. JOHN R. SMITH, Mr. GAIL L. IRELAND, Mr. WILLIAM
R. KELLY, for defendants in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error Theodore H. Thomas, is herein-
after referred to as "Thomas"; plaintiff in error Henry
Howard, Jr., as "Howard"; defendant in error the
Henrylyn Irrigation District (and its board of directors)
as "the district"; defendant in error the board of county
commissioners of Weld county as "the county"; and all
the defendants in error as "defendants." *Interstate
Trust Co. v. M. V. Irr. Dist.,* 66 Colo. 219, 181 Pac. 123,
is hereinafter referred to as "the Montezuma case";
*Henrylyn Irr. Dist. et al. v. Thomas,* 66 Colo. 296, 181
Pac. 979, as "the demand case"; and *Henrylyn Irr. Dist.
et al. v. Thomas,* 66 Colo. 300, 181 Pac. 980, as "the sepa-
rate levy case."

November 27, 1918, Howard brought mandamus in the
Denver district court against defendants to compel a
levy on the lands of the district to pay certain interest
coupons on its bonds, owned by him. The cause was
transferred to the district court of Weld county, where
it became No. 4185, and an amended alternative writ was
issued September 18, 1920. On May 14, 1921, Thomas

brought a similar action, numbered 5135, in the district court of Weld county to compel a levy to pay both bonds and coupons of the district owned by him. In that case an amended alternative writ was issued October 15, 1921. Both cases had reached issue by February, 1923. October 22d of that year the causes were consolidated for trial only, and tried and submitted on briefs. August 15, 1924, judgment was entered in each case denying the relief sought, quashing the alternative writ, and taxing costs to plaintiff. To review those judgments Howard and Thomas bring error. While the judgments are separate, the evidence, the issues, and the questions for consideration here, are, in the main, the same in each case, the defendants are the same, and there is but one transcript and one set of briefs.

We note in the beginning that each side filed an abstract with little regard to the adverse facts shown by the record, and each, to a considerable extent, followed the same plan in brief and argument. We have thus been obliged to read the entire lengthy transcript; nor has one reading sufficed, for the evidence, voluminous and involved, was presented as a patchwork pattern, and material facts are extracted from it and pieced together with difficulty.

### The Thomas Case.

The Thomas bonds here involved are a portion of those included in the separate levy case and the coupons are those included therein plus those included in the demand case. Those two opinions should be read in connection with this as we do not repeat here certain of their pertinent facts, nor again cite or quote their authorities which are here applicable. Thomas here contends that the levy made under the writ issued in the separate levy case was illegally made to include other bonds and coupons than his own, that it was insufficient for the purpose intended and hence did not produce

sufficient cash to pay his securities. He therefore demands a new levy.

It is admitted that a contempt proceeding was begun to compel obedience to the writ in the separate levy case and proceeded to final judgment. Thomas herein makes some claims under that writ, and defendants base a plea of res adjudicata thereon and on the judgment in the contempt case. That writ and the contempt judgment are alike immaterial here. These are not the same bonds and coupons as were there in question. Defendants made no motion to separate and the judgment in the contempt case is not in this record. If Thomas did not intend to waive the former judgment he should have enforced it by a proceeding in contempt, and if defendants did not intend to waive the benefit of whatever judgment was entered in the contempt proceeding that judgment roll should be in this record.

We should here notice one fact which bears on the question of the necessary amount of the levy and evidence concerning which Thomas insists was immaterial. A contract had been entered into between the district and a vast majority of the bondholders providing for payment of their bonds and coupons at far less than their face. As there was no necessity for a levy beyond what was required to pay the debt, contracts for its settlement at less than its face were most material and the consequent reduction of the levy could in no way prejudice Thomas.

The trial court held that plaintiffs had the affirmative and that ruling is assigned as error. It was clearly correct. The complaint charged disobedience of a former writ and failure to perform official duty. The answer alleged that the writ had been obeyed and the duty performed, hence we find no possible basis for the claim that the burden of proof was on defendants.

Defendants in making the levy were not confined to the Thomas bonds and coupons, but very properly proceeded to levy such amount as was necessary to pay

those and all others for which it was their duty to make a levy. Had there been any doubt of the legality of that proceeding it was settled by our opinion in the separate levy case. The defense there was that the owners of a fraction of the outstanding bonds and coupons could not maintain an action in mandamus to force a levy to pay them. We held the contrary, but added, "The writ (the mandatory writ issued by the trial court and affirmed here) requires certification as to plaintiff's bonds and coupons. It does not limit it thereto."

It is shown by the evidence here, and undisputed, that the levy made did not produce sufficient cash to pay the Thomas bonds and coupons, but that it did produce such sale of lands of delinquent taxpayers as would more than satisfy the claims of Thomas if he elected to take up those certificates, and that at the time of the trial payments of tax under that levy were still coming in. Apparently Thomas does not desire to take such certificates and the basis of his complaint is that the levy made has not produced the cash required. If the cash is deficient because taxpayers are delinquent Thomas cannot insist upon cash. If the levy in question were in fact sufficient, but any taxpayers were delinquent, taxes paid would be apportioned and while Thomas might thus get more cash than under a deficient levy he could never be paid in full without resorting to certificates on the land sold.

In the Montezuma case we held that taxes levied under the act are not general, but special, hence there could be no cumulative levy and the holder of warrants was confined to the proceeds of the regular levy and sale. If taxpayers are delinquent he may use his warrants to buy at the sale and procure deeds on his certificates; he could not demand a new levy and thus pyramid the debt of those who do not pay, on the lands of those who do. It is here contended that the Montezuma case is not in point because there warrants were involved and here bonds and coupons. The controlling element, the character of the tax, is the same in each case,

hence the rule is the same.  There it was admitted that "all assessments required by law to be made have been levied."  Here that fact is disputed, but, as the evidence thereon is conflicting and all presumptions are in favor of the judgment, we must assume that the trial court so found and with that finding we cannot interfere.

Thomas claimed interest on his coupons.  As those would, of necessity, be paid when due out of taxes collected, or he could procure their payment by taking up interest bearing tax certificates, he would not be entitled to interest on interest, at least unless payment was prevented by defendant's refusal to levy.  That question might have arisen in an action in contempt to enforce the mandate in the separate levy case, but as he waived that right when he brought a new suit, and in the instant case failed to prove the alleged default of defendants, the question requires no further consideration here.

For the foregoing reasons the judgment in the Thomas case is affirmed.

### The Howard Case.

This is Howard's first attempt to force a levy to pay his coupons, hence what we have said above concerning the former action by Thomas, and the attempted enforcement, by action in contempt, of the writ there issued, has no application here.  The remainder is, however, as true under these facts as under those of the Thomas case, and for the same reason this judgment is affirmed.

Mr. Justice Campbell not participating.