## No. 12,839.

IN RE DISSOLUTION GREEN CITY IRRIGATION DISTRICT.
HEATH *v.* GREEN CITY IRRIGATION DISTRICT.
(13 P. [2d] 1113)

Decided June 20, 1932.   Rehearing denied September 12, 1932.

Mr. EDWIN H. PARK (deceased), Mr. G. J. ORNAUER, for plaintiff in error.

Mr. WILLIAM R. KELLY, for defendant in error.

Mr. JAMES H. TELLER, amicus curiae.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE aim of this proceeding is the dissolution of defendant in error, the Green City Irrigation District, located in Weld county, Colorado. It was organized as a district in 1909, by conforming to the requirements of chapter 113 of the Laws of 1905. Section 48 of that chapter relates to the dissolution of irrigation districts organized thereunder. Among other things this chapter prescribes that the petition for such dissolution shall recite "that all bills and claims of every nature whatsoever have been fully satisfied and paid." If the directors of the district are so satisfied, and if they should so find, it shall be their duty to call an election upon the question of dissolution. The sole plaintiff in error here, Heath, does not question the sufficiency of this petition for dissolution, or the subsequent proceedings followed by the district under the laws of 1905 as amended and revised in 1915 and 1917. His sole contention is that the

trial court was without jurisdiction to entertain the petition for dissolution because the 1905 statute requires that all claims against the district be satisfied and paid as a condition precedent to the right of dissolution, and that his claim, a just one against the district, has never been satisfied or paid. Heath was made a party respondent to this proceeding in the trial court. He appeared below and filed a petition therein in which he asserted, among other things, that he is a creditor of the district and its indebtedness to him is upon matured bonds of the district, together with interest thereon and interest upon such interest coupons subsequent to their maturity. Much evidence was taken and the trial court made elaborate findings of fact and among them a finding as to the bonds of the district owned by Heath. In these findings of which Heath complains, the trial court held in effect that Heath was entitled to recover, and to be paid by the district, the full principal of his bonds and interest thereon to maturity, but not to interest on the principal or interest coupons after maturity, or, in other words, to compound interest. The court further specifically found that the district, through its agent, the county treasurer of Weld county, had collected and held in hand the total amounts of the principal and interest of Heath's bonds to maturity, and had tendered such amounts to him in payment of his bonds, but Heath refused to accept the same, unless and until he was also paid interest upon the principal and interest upon the coupons attached to the bonds, which accrued after their due date. The refusal of the district to make the payments demanded by Heath, the trial court decided was proper. All the holders of the bonds, except Heath, acquiesced in the decree of the trial court dissolving the district. He alone is here with his writ of error for a review thereof.

Before the recent death of Heath's able counsel, the late Edwin H. Park, he had in elaborate briefs, and with his usual fairness and force, discussed at length

many important questions relating to irrigation districts, some of which we find it unnecessary to determine in view of our conclusion that the trial court rightly found that Heath got judgment for all of his just claims against the district. The specific finding of the trial court of which Heath now complains, and upon which its judgment was rendered, is that he is entitled only to the principal of his bonds and interest thereon to the date of maturity. The gist of his argument is that these bonds, and the attached interest coupons thereon, are negotiable instruments and that, by previous decisions of this and other courts, the holder thereof is entitled to receive the principal thereof and interest thereon, and also interest on the interest coupons attached thereto after the due date and up to the time of payment. Heath's opening brief under the heading ''Argument'' is under two separate heads. First, he says, that the district court had no jurisdiction to entertain this proceeding or to dissolve the district, unless and until all of its debts had been paid or satisfied. The second branch of the argument is that the trial court improperly denied to him any interest either upon the bonds of the district which he owned or interest on the coupons attached thereto after the date of their respective maturities, and the decree below dissolving the district was wrong because all of its debts were not paid or satisfied or adequate security furnished to the creditors, of which he was one. Counsel for the district concedes, as it must, that dissolution may not be made unless and until all of its just indebtedness is paid or satisfied. Our original act in relation to irrigation districts, that of 1901, of which the act of 1905 is a revision, was adjudged constitutional against an attack made upon it in *Anderson v. Grand Valley Irrigation District,* 35 Colo. 525, 85 Pac. 313. The 1905 act is the one under which the Green City District was formed, but in so far as concerns the question for decision here, it in no material respects differs from the act of 1901. Sections 48 and 49 of the 1905 act embody all of the provi-

sions of our legislation relative to the dissolution of irrigation districts formed thereunder until our General Assembly in 1915 and 1917 enacted further legislation relative to districts of this character. In our view it is not important on this review whether the method of dissolution of this district, which in this case the trial court followed, was under the act of 1901 or 1905 or 1915 or 1917. Under either or all of these statutes no dissolution could take place, unless and until all of its indebtedness is paid or liquidated or adequate security furnished by the district to, and accepted by, its creditors. *Michigan Trust Co. v. Otero District,* 76 Colo. 441, 232 Pac. 919. In his pleadings Heath admits that the county treasurer of Weld county has in his hands an amount of money sufficient to pay all of his bonds and interest coupons thereon up to maturity, which was collected by the treasurer from assessments against the lands within the district. This amount the treasurer, before this action was begun, tendered to Heath in cash, which he refused, and still refuses, to accept, but demands in addition thereto interest upon the principal and the attached interest coupons after the due date thereof and until the same is paid.

[2] It also appears that Heath filed his claim in the dissolution proceedings, thereby tacitly admitting its propriety, and asked for the payment of the principal and interest of his bonds as above recited. It may be that Heath is estopped now to assert the objections that he might have urged had he not, by his conduct, acquiesced in the proceeding for dissolution. But we do not place our decision upon the ground of such estoppel.

There is a better and safer reason for holding Heath may not now complain of the dissolution of this district. Our original act of 1901 which, as already stated, so far as concerns the question here involved, is substantially the same as the act of 1905, is modelled upon, and substantially like, a previous statute of the state of California commonly called the Wright Act. We

upheld the constitutionality of our 1901 act and followed and approved the decisions of California as to the constitutionality of its statute. The California courts, before our original statute was enacted in 1901, had held in several cases its provisions constitutional and sustained as valid the very provisions which are questioned in the pending action. In *Bates v. Gerber,* 82 Cal. 550, 22 Pac. 1115, following its previous decision of *Davis v. Porter,* 66 Cal. 658, 6 Pac. 746, the California court held that the bonds of an irrigation district are provided for by special statute of the state which designates a specific fund out of which only they should be paid. That act, like our act in question, provided for the payment of the principal and annual interest, and nothing more. There is no other fund out of which the additional interest demanded, under either the California or Colorado statute, could have been paid, and to have paid out a part of the fund on a liability not provided for or allowed by law would have been to divert a part of the fund from the purpose intended, and thereby to deprive other bondholders of their annual interest, and perhaps of their principal. The California court also held that this statute under which the bonds were issued was the basis of, and became a part of, the contract, and the bondholders must be held to have taken the bonds with the understanding and agreement that they were only entitled to the principal and the annual interest, and that no interest on the principal of the bonds or on the coupons was provided for or could be recovered after their maturity. To the same effect is *Hewel v. Hogin,* 3 Cal. App. 248, 84 Pac. 1002. In *Meyer v. City and County of San Francisco,* 150 Cal. 131, 88 Pac. 722, the court held, among other things, in an able opinion by Mr. Justice Shaw, that upon bonds of a like character with the ones involved in the instant action, the holder was not entitled to interest upon the same after maturity, or interest upon the attached coupons which accrued thereafter.

Some of these California decisions, as stated,

were made before our statute was enacted and one of them, the Meyer case, thereafter. In *Interstate Trust Co. v. Montezuma Valley Irrigation District*, 66 Colo. 219, 181 Pac. 123, decided by our Supreme Court in 1919, among other things, in the opinion of Mr. Justice Bailey, it was said, that our act of 1901 was taken in substance from the Wright Act of the state of California, and, under the familiar rule, we adopted the construction theretofore given to it by the courts of that state. The court in this Montezuma case further held that our statute does not empower an irrigation district to add to the yearly expense by a cumulative levy, of an amount sufficient to cover the unpaid warrants for expenses of the preceding years. The same rule would, of course, apply, as we have said in later opinions, to bonds of the district. It is also stated in the Montezuma case that the property of one landowner shall not become liable for the assessments for other lands where the owners fail or refuse to pay. See also *Commissioners v. Heath*, 87 Colo. 204, 286 Pac. 107; *Thomas v. Henrylyn Irr. Dist.*, 79 Colo. 636, 247 Pac. 1059. In this latter case this court, speaking through Mr. Justice Burke, said: "Thomas claimed interest on his coupons. As those would, of necessity, be paid when due out of taxes collected, or he could procure their payment by taking up interest-bearing tax certificates, he would not be entitled to interest on interest, at least unless payment was prevented by defendant's refusal to levy." There was no refusal by the irrigation district in the case now under consideration to make the levy. That opinion is authority for our conclusion here on the subject of interest.

Indeed, in the brief of amicus curiae here, the writer does not attempt to conceal the fact that the decision in the Thomas case and other cases of this court, if adhered to, are against his contention that the bonds of irrigating districts bear interest upon the principal and the attached coupons after maturity. Counsel for Heath, as well as counsel who appears as a friend of the court,

although they do not explicitly say so, would have us overrule the cases above mentioned which are clearly against them. We are not persuaded that such reversal should be ordered. In this connection it is fitting to refer to section 1988, C. L. 1921, wherein our General Assembly provided that the board of directors of an irrigation district might submit to the qualified electors of the district the question of whether the coupons upon such refunding bonds shall bear interest at a specified rate. This is a legislative recognition that our existing statutes upon the question of interest on district coupons forbid the same. While this recognition by the General Assembly is not binding upon the courts, nevertheless it is significant that a body of men who come from all parts of the state and are more or less familiar with the subject of irrigation, deemed that the existing statutes of the state do not authorize or provide for interest on irrigation bonds and the attached coupons after maturity.

In conclusion we repeat that since Heath, the owner of these irrigation bonds, was tendered by the county treasurer of Weld county, the full face value of his bonds with interest thereon to maturity, he is not in a position to question the validity of a dissolution decree of the district court in which all the other creditors of the district who were parties to this proceeding, have acquiesced. He alone complains of the dissolution decree. As a former creditor of the district he has been tendered the full amount which as a holder of bonds he is entitled to receive. He has refused to accept it. He has no further interest, as a bondholder, to subserve by complaining of the dissolution decree. In *Commissioners v. Heath,* 79 Colo. 429, 246 Pac. 794, we held that in a mandamus action to compel the levy and collection of taxes for the payment of irrigation district bonds, the petitioner cannot lawfully compel the county officials to do their complete legal duty, even though they have neglected to do it completely, if what they have done is

210

sufficient to satisfy his legal demands. The same principle applies to the pending action wherein the holder of such bonds has been offered by the county treasurer, and has refused to accept, a sum of money sufficient to satisfy his just claim against the district.

The judgment of the district court is right, and it is therefore affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE ALTER concur.