**KILES et al. v. TRINCHERA IRR. DIST. et al.**

**No. 2705.**

Circuit Court of Appeals, Tenth Circuit.

June 19, 1943.

Harry S. Silverstein, of Denver, Colo. (Harry S. Silverstein, Jr., of Denver, Colo. on the brief), for appellants.

John B. Barnard, of Pueblo, Colo. (Benjamin Griffith, of Denver, Colo., on the brief), for Trinchera Irr. Dist.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Prior to April 1, 1911, the Trinchera Irrigation District, a public corporation,[1] was organized under the Colorado Irrigation District Law of 1905 (Ch. 90, §§ 377-431, 1935 C.S.A.). It embraced approximately 56,000 acres of land. Water is available for the irrigation of only about 12,000 acres and approximately 44,000 acres of the land within the District is situated above the irrigation ditches.

On April 1, 1911, the District issued its bonds pursuant to § 3455, Colo. R. S. 1908 (Ch. 90, § 392, 1935 C.S.A.), in the principal sum of $650,000. It also issued warrants of indebtedness in the years 1922, 1923, and 1924. The bonds and warrants are payable only out of moneys produced by special assessments against the lands within the District.[2]

The Irrigation District Law above referred to provided for an annual special tax levy, by acre unit, upon the lands to be benefited in the District, in sufficient amount to pay such bonds, interest coupons, and warrants of indebtedness as they matured. The District made the levies as required by the statute, but, due to the fact that all the taxes were not collected, sufficient funds were not realized to pay all the bonds, coupons, and warrants of indebtedness. No authority exists under the statute to make additional or cumulative levies although, due to the fact that the taxes assessed against certain of the lands have not been collected, sufficient funds have not been provided with which to pay

1 McCord Mercantile Co. v. McIntyre, 25 Colo.App. 376, 138 P. 59, 60; 67 C. J. p. 1297, § 862.

2 Interstate Trust Co. v. Montezuma Valley Irr. Dist., 66 Colo. 219, 181 P. 123; Denver-Greeley Valley Irr. Dist. v. McNeil, 10 Cir., 106 F.2d 288, 291.

all of the bonds, interest coupons, and warrants.[3]

The debts created by the issuance of such bonds, coupons, and warrants have not been extinguished although the method provided for realizing funds to discharge them has proved abortive. In Michigan Trust Co. v. Otero Irr. Dist., 76 Colo. 441, 232 P. 919, 920, the court, referring to irrigation district bonds and coupons, said:

"Conceding, * * * *that under our* irrigation district act the negotiable bonds and coupons thereby authorized are made payable only out of revenue collected from levies of taxes, still the failure of the revenue officers to collect the levied tax does not operate as a discharge of the indebtedness represented by these unpaid instruments. It still remains a debt as before. * * * The board of directors of the district complied with the statute and performed its duty by making a sufficient levy of taxes which, if paid by the taxpayers, would have *discharged the obligations* evidenced by its negotiable bonds and coupons or a judgment rendered thereon. Even though the district board has done all that it may lawfully do to gather a fund to pay, this does not constitute a payment or discharge of the debt. Though the particular method of payment prove abortive, the debt remains an obligation of the district until it is paid."

On June 25, 1942, the District filed its petition under ch. 9 of the Bankruptcy Act, as amended (50 Stat. 655, 52 Stat. 939, 52 Stat. 940, 54 Stat. 44, 54 Stat. 667, 56 Stat. 377), 11 U.S.C.A. §§ 401–404, to effect a plan for the composition of its debts.

Sec. 401, supra, specifically enumerates irrigation districts as taxing agencies or instrumentalities which may effect compositions under ch. 9.[4]

In its petition the District alleges that it is unable to meet its debts as they mature and that it desires to effect a plan for the composition of its debts; that it has outstanding warrants of indebtedness and outstanding bonds and coupons; that the aggregate of its bond and warrant indebtedness, with interest computed to December 31, 1939, is $577,745.59; that a plan of composition of such indebtedness has been prepared; that a copy thereof is attached to the petition as Exhibit 1, and filed and submitted with the petition; that creditors of the District owning not less than 51 per cent in amount of the securities affected by the plan have accepted the plan in writing.

Ch. 90, §§ 425, 470, 535, 1935 C.S.A., provide for the dissolution of irrigation districts, but require as a prerequisite to dissolution that all the debts of a district shall be paid or secured.[5]

After the composition has been effected, it is contemplated that pursuant to the statutes of Colorado the lands for which water is not available will be excluded from the District, its assets will be transferred to a mutual irrigation company, and the District will be dissolved. Dissolution cannot be effected so long as outstanding debts of the District have not been either discharged or adequately secured. Hence, the composition is necessary.

The petition was approved June 25, 1942. Thereafter, Sapero, who had obtained a judgment on certain of the bonds and a warrant held by him, filed objections to the plan predicated on the ground, among others, that the bonds, coupons, and warrants are barred by ch. 102, § 1, 1935 C.S.A., which provides:

"The following actions shall be commenced within six years, next after the cause of actions shall accrue, and not afterwards:

"First—All actions of debt founded upon any contract or liability in action."

Other holders of warrants also filed objections to the plan on the ground that the bonds and coupons are barred by limitation.

---

3 Interstate Trust Co. v. Montezuma Valley Irr. Dist., 66 Colo. 219, 181 P. 123; Thomas v. Henrylyn Irr. Dist., 79 Colo. 636, 247 P. 1059, 1060; Heath v. Green City Irr. Dist., 91 Colo. 202, 13 P.2d 1113, 1115; Board of County Commissioners of Adams County v. Heath, 87 Colo. 204, 286 P. 107, 108; Denver-Greeley Valley Irr. Dist. v. McNeil, 10 Cir., 106 F.2d 288, 292.

4 See West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 114 F.2d 654, 662, certiorari denied, 311 U.S. 718, 61 S.Ct. 441, 85 L.Ed. 467; Bekins v. Lindsay-Strathmore Irr. Dist., 9 Cir., 114 F.2d 680, 683; United States v. Bekins, 304 U.S. 27, 58 S.Ct. 811, 82 L.Ed. 1137.

5 Michigan Trust Co. v. Otero Irr. Dist., 76 Colo. 441, 232 P. 919, 921; Heath v. Green City Irr. Dist., 91 Colo. 202, 13 P.2d 1113, 1114.

The District Judge held that the bonds were barred by ch. 102, § 1, supra, and that the petition did not contain a list of the record owners of land involved in the proceeding and, for those reasons, entered an order dismissing the petition. Kiles, Wilcox, and Peters, Writer & Christensen, Inc., owners of bonds and warrants of the District, have appealed.

The Colorado statute goes to the remedy merely and not to the right. The running of the statute does not extinguish the debt or cause of action.[6]

No action to recover a money judgment upon the District bonds, coupons, or warrants will lie.[7] The only remedy available for the enforcement of the bonds is mandamus to compel the levies provided by the statute or the application of funds derived from such levies to the discharge of the bonds, warrants, and interest thereon.[8] It follows that no cause of action has accrued for which a remedy is available and that the Colorado statute of limitation has not run.

Moreover, the District in its petition has made an unequivocable acknowledgment of the debts, which revived them if the statute had run against them.[9]

Section 403(a), supra, requires that

"A list of the record owners or holders of title, legal, or equitable, to any real estate involved in the proceeding, shall also be filed with the petition, and such record owners or holders of title shall be notified in the manner provided in this section for creditors and be entitled to hearing by the court upon reasonable application therefor."

The warrant, bond, and coupon indebtedness of the District is not a lien against any of the lands within the District.[10] Under the proposed plan, funds are to be borrowed by the District from the Reconstruction Finance Corporation. They are to be secured by property of the District, but not by the lands of private owners within the District. It follows that none of the lands privately owned within the District are involved in the proceeding and it was not necessary either to file a list of such landowners or to give them notice of the proceeding.

The creditors who objected to the plan below have not filed a brief nor appeared in this court. The District has filed a brief in which it states that the two grounds upon which the trial court predicated its order dismissing the petition were not well taken and confesses error.

The order dismissing the petition is reversed and the cause remanded with instructions to reinstate the proceeding.

The costs will be assessed equally against the creditors who filed objections to the plan.

Let the mandate issue forthwith.

---

6 Rogers v. Rogers, 96 Colo. 473, 44 P.2d 909, 910; Wyatt v. Burnett, 95 Colo. 414, 36 P.2d 768, 769; Brereton v. Benedict, 41 Colo. 16, 92 P. 238, 239; Holmquist v. Gilbert, 41 Colo. 113, 92 P. 232, 233, 14 L.R.A.,N.S., 479.

7 Alpha Corporation v. Denver-Greeley Valley Irr. Dist., Colo., 132 P.2d 448, 451, 452; Rio Grande Junction R. Co. v. Orchard Mesa Irr. Dist., 64 Colo. 334, 171 P. 367, 368; Henrylyn Irr. Dist. v. Thomas, 64 Colo. 413, 173 P. 541.

8 Interstate Trust Co. v. Montezuma Valley Irr. Dist., 66 Colo. 219, 181 P. 123, 125; Thomas v. Henrylyn Irr. Dist., 79 Colo. 636, 247 P. 1059, 1060.

9 Miller v. Kinsel, 20 Colo.App. 346, 78 P. 1075; Great Western Mfg. Co. v. Elledge, 68 Colo. 594, 192 P. 498, 499.

10 Condit v. Johnson, 158 Iowa 209, 139 N.W. 477, 481; Johnson v. Warm Springs Irr. Dist., 118 Or. 239, 246 P. 527, 530; Clark v. Demers, 78 Mont. 287, 254 P. 162, 165; Provident Land Corp. v. Zumwalt, 12 Cal.2d 365, 85 P. 2d 116, 120; West Coast Life Ins. Co. v. Merced Irr. Dist., 9 Cir., 114 F.2d 654, 675; Clough v. Compton-Delevan Irr. Dist., 12 Cal.2d 385, 85 P.2d 126, 128.